UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HEATHER LINDSAY, | : | CIVIL CASE NO. |
|    Plaintiff | : | 3:18-CV-840 (JCH) |
| | : | |
| v. | : | |
| | : | |
| KEVIN TIERNEY, | : | |
|    Defendant. | : | JANUARY 7, 2019 |

**RULING ON DEFENDANT'S MOTION TO DISMISS (DOC. NO. 17)**

**I.    INTRODUCTION**

Defendant, the Honorable Kevin Tierney, a Connecticut Superior Court Judge ("Judge Tierney") moved to dismiss in their entirety all claims asserted against him in the Complaint.  Memorandum in Support of Motion to Dismiss (Mem. in Supp.) (Doc. No. 17-1) at 1.  The plaintiff, Heather Lindsay ("Lindsay"), objects.  See Plaintiff's Opposition to Mot. to Dismiss (Pl.'s Opp.) (Doc. No. 29).[1]

For the reasons set forth below, the Motion to Dismiss is granted.

**II.   STANDARD OF REVIEW**

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

---

[1] The pro se plaintiff wrongly cites to Federal Rule of Civil Procedure 12(f) in her Opposition. That Rule permits the striking of allegations in "pleadings." Fed. R. Civ. P. 12(f).  Neither a Motion to Dismiss, nor a Memorandum in Support, is considered a "pleading" under the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 7(a).

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. Id. However, when reviewing a motion to dismiss, the court must accept the factual allegations in the operative complaint as true and draw all reasonable inferences in the non-movant's favor. See Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. "Of course, it may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Such matters include facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

## III. FACTS[2]

Lindsay was granted conservatorship of a defendant in a Connecticut State foreclosure case, on June 29, 2017. Complaint (Doc. No. 1) ("Compl.") at 3. Judge

---

[2] The facts are taken from Lindsay's Complaint. See Compl. (Doc. No. 1). Information regarding the state foreclosure matter found on the State Court docket sheet, of which judicial notice is taken, can be viewed at http:// civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FSTCV085006978S (last viewed 12/28/18). The information provided in the docket sheet "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Tierney presided over the foreclosure matter. Id. at 3–4. Lindsay first moved to intervene in the foreclosure proceedings, on or about April 4, 2016. Judge Tierney denied the motion on April 28, 2016, and then "retroactively denied [it] two years later[,] on January 11, 2018." Id. at 4. A Judgment of Strict Foreclosure was entered, most recently, on January 11, 2018. See Superior Court Case Lookup, FST-CV08-5006978-S, ("Docket Sheet") Entry No. 267.00, available at http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FSTCV085006978S. The Connecticut Superior Court last reset the law days on August 6, 2018, though the Order makes no reference as to when the days are set to expire. See id. at Entry No. 321.00. An appeal to the Connecticut Appellate Court was filed on or about August 20, 2018, and an amended appeal was docketed on September 18, 2018. Id. at Entry Nos. 324.00–325.00. A Notice of Voluntary Petition of Bankruptcy was filed on September 25, 2018, see id. at Entry No. 328.00, and an Affidavit of Bankruptcy was docketed on November 19, 2018, see id. at Entry No. 329.00. The last entry in the case to date notes that an automatic stay is in effect. Id. at Entry No. 329.00.[3]

---

[3] Automatic stays in bankruptcy proceedings bar actions against debtors. See 11 U.S.C. § 362. However, the automatic stay does not generally apply where, as here, the action is against a defendant who is not a debtor in the bankruptcy proceedings. See, e.g., In re Metal Ctr., Inc., 31 B.R. 458, 462 (Bankr. D. Conn. 1983) ("Generally, the automatic stay does not apply to proceedings against nondebtors"); see also Austin v. Unarco Indus., Inc., 705 F.2d 1, 4 (1st Cir. 1983), cert. denied, 463 U.S. 1247 (1983) ("[T]he Bankruptcy Court was correct in deciding that the automatic stay provisions of 11 U.S.C. § 362(a) apply only to the bankrupt debtor.").

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

The party invoking federal jurisdiction bears the burden of establishing that [subject matter] jurisdiction exists." Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir. 2008) (internal quotation marks omitted). A claim is properly dismissed "under [Federal Rule of Civil Procedure] 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it." Cortland St. Recovery Corp. v. Hellas Telecomms., S.A.R.L., 790 F.3d 411, 416–17 (2d Cir. 2015) (internal quotation marks omitted).

Judge Tierney argues that this court lacks jurisdiction to hear this case, pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine "bars a losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 287 (2005) (citation omitted). The Second Circuit, in analyzing the Supreme Court's decision in Exxon Mobil, defined four requirements for the application of Rooker-Feldman:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invit[e] district court review and rejection of [that] judgment[ ]."[4] Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"

Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)

4

Here, the state court ruled against Lindsay in refusing to allow her to join the litigation as a party, as well as in issuing a Judgment of Strict Foreclosure on the property in question. See Compl. at 1–2, 7. Lindsay's complaints also arise from judgments of the state court, and she plainly invites review and rejection of the rulings with which she disagrees. See id at 6–7; see also Response to Order to Show Cause (Doc. No. 8) ("The judgment for Strict Foreclosure that was entered in the underlying State Court foreclosure case was a void judgment . . . ."). Finally, the Judgement of Strict Foreclosure was entered on January 11, 2018, while this matter was filed on May 18, 2018. See Compl. at 1. Therefore, it appears that the requirements of Rooker-Feldman are met, and that this court has no jurisdiction to hear this case. To the extent that Lindsay's Complaint seeks this court's review of a final judgment of the state court, the court concludes that it is without jurisdiction to do so.

It is unclear, however, whether the Judgment of Strict Foreclosure is, at this time, a final judgment. While the Judgment of Strict Foreclosure issued in the state matter on January 11, 2018, the docket is ambiguous as to whether the law days have run, and therefore whether the defendant in the state court matter maintains an equity of redemption. Because it is unclear whether Lindsay's Complaint seeks this court's intervention in a "final" judgment of the state court, and therefore whether the Rooker-Feldman doctrine in fact applies to this case, the court addresses Judge Tierney's alternate arguments in favor of dismissal.

B.  Younger Abstention

Judge Tierney argues that, insofar as Lindsay's claims implicates ongoing state proceedings, this court should abstain from hearing the claims pursuant to Younger v. Harris, 401 U.S. 37 (1971).  See Mot. to Dismiss at 1; Mem. in Supp. at 8.  Judge Tierney adds that the relief Lindsay seeks—an injunction on the state court preventing it from enforcing the Judgment of Strict Foreclosure—is "precisely the type of interference the Younger abstention doctrine is intended to avoid."  Mem. in Supp. at 9–10.

Younger abstention is proper where the federal action involves: (1) parallel, pending state criminal proceedings, (2) civil proceedings akin to criminal prosecutions, or (3) civil proceedings that "that implicate a State's interest in enforcing the orders and judgments of its courts."  Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72–73 (2013). A state foreclosure action, like the underlying State Court Foreclosure Action here, is one of the types of actions in which federal courts abstain from interfering, pursuant to Younger.  See Santana v. Fed. Nat'l Mortg. Ass'n, No. 115-CV-1424 (TJM/DJS), 2016 WL 676443, at *2 (N.D.N.Y. Feb. 18, 2016) (collecting cases).  The court agrees that, insofar as Lindsay seeks to enjoin the state court from enforcing the Judgment of Strict Foreclosure, she asks this court to intervene in a civil proceeding that implicates a state's interest in enforcing the orders and judgments of its courts.  Therefore, insofar as Lindsay seeks this court's intervention in a pending state foreclosure, this court abstains from doing so under Younger.

C.    Judicial Immunity

Finally, to the extent that Lindsay seeks to impose liability upon Judge Tierney in his individual capacity, such claims are barred by the doctrine of Judicial Immunity. Absolute immunity is enjoyed by judges for all acts that are judicial in nature. Whitnum v. Emons, No. 3:15-CV-959 (SRU), 2015 WL 5010623, at *2 (D. Conn. Aug. 24, 2015), aff'd, 683 F. App'x 71 (2d Cir. 2017), and aff'd, 683 F. App'x 71 (2d Cir. 2017) (citing Forrester v. White, 484 U.S. 219, 227–28 (1988). Absolute immunity applies to a judge in both his official and individual capacity. Id. (citing Parmlee v. Conn. Dep't of Revenue Servs., No. 3:98–CV–2021 (AHN), 1999 WL 305476, at *3 (D.Conn. Apr. 13, 1999). Absolute immunity applies despite allegations of conspiracy or bad faith. Id.

Here, Lindsay's claims relate to Judge Tierney's actions as the Judge presiding over a foreclosure action. Lindsay's complaints stem from Judge Tierney's denial of her Motions to Intervene in the matter, as well as from a Judgment of Strict Foreclosure. The appropriate remedy for an unfavorable decision is an appeal of that decision within the state court system. Relief from unfavorable decisions made by state court judges may not, however, be sought through a suit against such judges in this court. Therefore, insofar as Lindsay seeks relief from Judge Tierney as to acts taken in his judicial role, any such claims are dismissed.

## V. CONCLUSION

For the reasons stated above, the Motion to Dismiss (Doc. No. 17) is **GRANTED** with prejudice. The Clerk is ordered to close this case.

**SO ORDERED.**

Dated this 7th day of January 2019 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge